RA1PH B. GUY, Jr. J., delivered the opinion of the court, in which DAUGHTREY, J., joined. LAWSON, D.J. (pp. 490-96), delivered a separate concurring opinion.
OPINION
RALPH B. GUY, JR., Circuit Judge.
Defendant, Stephen Espalin, entered a guilty plea to an information charging him with threatening the President of the United States in violation of 18 U.S.C. § 871. The trial judge imposed a sentence of 18 months’ imprisonment to be followed by two years of supervised release. No objections were raised prior to sentencing concerning either the applicability of the guidelines applied or the sentencing range. Defendant filed a motion for a downward departure, which was denied.
Espalin now appeals claiming the court erred in not granting his motion for a downward departure. No claim is made that the trial judge was unaware of her authority to grant a downward departure. Because we have no jurisdiction to consider an appeal from the denial of a downward departure under these circumstances, we affirm.
I.
We have repeatedly held, as have all other circuits, that where a sentence is not imposed in violation of law or is not the result of an incorrect application of the guidelines, the refusal of the trial judge to grant a downward departure is not an issue cognizable on appeal. United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995). The defendant acknowledges as much, but attempts to avoid this result by arguing that the probation officer overstepped her bounds in preparing the presentence report and became an advocate arguing against the granting of the requested downward departure.
Our review of the sentencing hearing, as well as the probation report itself, convinces us that no impropriety occurred. More importantly, even if we were to hold that the probation officer overstepped her bounds, the result would not change. The trial judge is a very experienced jurist, and there is no indication that she abdicated *438 her decisional role by merely rubber-stamping the recommendation of the probation officer. Judge Lawson in his concurrence thoughtfully sets forth the proper role of the probation officer; however, in the last analysis the trial judge is the filter between the recommendation of the probation officer and the sentence actually imposed. Appellate relief would be available only if improper actions of a probation officer resulted in the trial judge making a reviewable sentencing error of a type requiring reversal or remand.
The defendant also devotes a good portion of his brief to a polemic against the sentencing guidelines and the lack of sentencing discretion that remains with a federal trial judge. Although many federal judges might echo these sentiments, they are addressed to the wrong audience. Congress established the guideline system, and only Congress can change that system.
AFFIRMED.