RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2004 FED App. 0129P (6th Cir.)
File Name: 04a0129p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

ABRAHAM DENKINS, II,
  *Defendant-Appellant.*

No. 01-5881

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 00-00026—Jennifer B. Coffman, District Judge.

Submitted: August 5, 2003

Decided and Filed: May 6, 2004

Before: BOGGS, Chief Judge; RYAN, Circuit Judge;
ROSEN, District Judge.*

_____

* The Honorable Gerald E. Rosen, United States District Judge for the
Eastern District of Michigan, sitting by designation.

_____

**COUNSEL**

**ON BRIEF:** Melvin Houston, Detroit, Michigan, for Appellant. Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

———————————

## OPINION

———————————

ROSEN, District Judge.

### I. *INTRODUCTION*

Defendant/Appellant Abraham Denkins was charged in a three-count indictment for his alleged role in a drug conspiracy. Specifically, the Government alleged that on May 5, 2000, Defendant delivered approximately 12 grams of cocaine base to a witness cooperating with the Government, and that Defendant accepted $100 from a co-defendant for completing this transaction. The indictment charged Defendant with conspiracy to distribute and to possess with intent to distribute crack cocaine, distribution of cocaine base, and travel in interstate commerce to facilitate narcotics trafficking.

Defendant entered a plea of nolo contendere to each of these three charges. Shortly before he was to be sentenced, however, Defendant filed motions, through new counsel, seeking to withdraw his plea and be referred for a competency evaluation. The district court granted the motion for a competency evaluation but denied the motion to withdraw the plea pending the completion of the competency evaluation. The evaluation concluded that Defendant was competent to plead guilty and participate in sentencing, and Defendant subsequently withdrew his blanket objection to the presentence report based on lack of competency. The court then sentenced Defendant to 120 months' imprisonment, the statutory minimum in light of his prior drug convictions.

Defendant now appeals from his conviction and sentence on three grounds. First, he challenges the district court's denial of his motion to withdraw his plea, claiming substantive and procedural errors in the lower court's resolution of this motion. Next, Defendant asserts that his nolo contendere plea should not have been accepted, where the district court purportedly failed to adequately ascertain whether he understood the nature of the charges against him and the consequences of his plea. Finally, in a separate brief filed on his own behalf, Defendant challenges the district court's enhancement of his sentence based on his prior drug convictions, contending that the court failed to establish whether the prior convictions relied upon were constitutionally sound and valid. For the reasons set forth below, we affirm Defendant's conviction and sentence.

### II. *FACTUAL AND PROCEDURAL BACKGROUND*

#### A. Defendant's alleged role in the charged offenses

The presentence report in this case discloses the following facts. On May 5, 2000 at around 5:00 p.m., defendant/appellant Abraham Denkins arrived at a Holiday Inn parking lot in Covington, Kentucky with approximately 12 grams of crack cocaine. He delivered the narcotics to a witness cooperating with the Government, and was given $540 in cash. Immediately following this exchange, Defendant was arrested.

Defendant reportedly advised the arresting officers that he had delivered the drugs at the request of a co-defendant, Miller Beckham, who had approached him in Cincinnati, Ohio and offered him $100 to complete the transaction. Defendant further stated that Beckham and a third defendant, Jackie Sanders, drove him from Cincinnati to Covington, and that, along the way, Beckham gave him the narcotics wrapped in a tissue. Finally, Defendant reported that, upon arriving at the Holiday Inn parking lot, he entered a vehicle occupied by the Government's cooperating witness and delivered the

package of drugs to this individual. In his statement to the arresting officers, Defendant indicated that he knew he was delivering drugs, but only became aware of the type of drug when the cooperating witness opened the package in his presence.[1]

## B.   Procedural History

On May 10, 2000, the grand jury returned a three-count indictment against defendants Abraham Denkins, Miller Beckham, and Jackie Sanders. Count One charged the three Defendants with conspiracy to distribute and to possess with intent to distribute approximately twelve grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count Two charged that the defendants had traveled in interstate commerce to facilitate narcotics trafficking, thereby violating 18 U.S.C. § 1952(a)(3). Count Three charged that Defendant Denkins, aided and abetted by his two co-defendants, had distributed approximately twelve grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Defendant initially entered a plea of not guilty to all of these charges.

On June 22, 2000, Defendant moved to be re-arraigned. U.S. District Judge William O. Bertelsman granted Defendant's motion, and on July 13, 2000, Defendant was re-arraigned before Magistrate Judge J. Gregory Wehrman. Although Defendant attempted to plead guilty to all of the charges against him, the Magistrate Judge declined to accept this plea, finding that Defendant had not provided a factual

---

[1]In one of his *pro se* submissions to this court, however, Defendant denies that he delivered any drugs to the Government's cooperating witness. Instead, he apparently suggests that he was framed by the arresting officers.

basis for a plea of guilty to the Count One conspiracy offense.[2]

Following reassignment of the case to District Judge Jennifer B. Coffman, Defendant again attempted to withdraw his initial plea, and instead sought to plead nolo contendere to all of the charges. At a plea hearing on September 21, 2000, Judge Coffman asked Defendant a number of questions bearing upon his competency. (*See* 9/21/2000 Hearing Tr. at 3-18, J.A. at 76-91.) During the colloquy, Defendant advised the court that he had sustained a work-related injury several years earlier, and since that time had suffered from memory problems, ringing in his ears, and hallucinations. Defendant also advised the court that he took regular medication for high blood pressure and for "ringing and voices" in his head. (*Id.* at 4-6, J.A. at 77-79.)

Following these initial inquiries, Judge Coffman asked Defendant whether he understood and could make reasonable decisions about the case, notwithstanding his medical conditions and medications. The district judge also asked if Defendant was satisfied with his attorney's representation. Defendant responded affirmatively to both inquiries, and his attorney, Ruey Newsom, likewise expressed his view that Defendant was competent.

The district court next advised Defendant of the consequences of pleading nolo contendere. Judge Coffman informed Defendant that he could continue to plead not guilty and the matter would go to trial. The district court also reminded Defendant that there was no plea agreement with the Government, and that such an agreement normally would address the sentence to be imposed. Defendant indicated that he still wished to proceed, despite the absence of a plea

---

[2]According to the presentence report, Defendant's plea was refused because he denied knowing at the time that there were drugs in the package he had delivered to the hotel parking lot on the date specified in the indictment.

agreement. Judge Coffman then read through each of the charges against Defendant, and Defendant affirmed that he understood each count of the indictment.

Finally, Judge Coffman advised Defendant of the sentencing consequences of his plea. The court indicated that Count One and Count Three carried mandatory minimum sentences of ten years in prison and maximum sentences of life imprisonment, and that Count Two carried a maximum prison term of five years. Judge Coffman also explained that Defendant faced a maximum eight-year period of supervised release following his imprisonment.

Having addressed all of these matters, the district court revisited certain key points for Defendant's further consideration. First, Judge Coffman reminded Defendant that he would not be permitted to withdraw his plea in the event that he disagreed with his sentence. Next, the court asked Defendant to confirm his understanding of everything that had transpired at the plea hearing, and emphasized that if Defendant was unsure of this, he could halt the proceeding and confer with his attorney. Finally, the court addressed the particular nature of a plea of nolo contendere. Defendant then entered a plea of no contest to each of the charges, and the court accepted this plea.

Mr. Newsom subsequently withdrew from the case, and new counsel was appointed for Defendant at a pre-sentencing conference on November 16, 2000. On that occasion, Defendant was asked if he wished to withdraw his nolo plea, and he responded that he did not. On December 18, 2000, however, Defendant filed two motions through his new counsel, seeking to withdraw his plea and requesting a competency evaluation. In support of these motions, defense counsel stated that his client's answers to his inquiries were "either non-responsive or totally incoherent," and that Defendant seemed not to apprehend the nature of the case or the consequences of his plea. (J.A. at 44-45.) The district court granted Defendant's request for a competency

evaluation but denied the motion to withdraw his plea, pending the findings of the competency evaluation. In granting the former motion, the court emphasized that the assessment "should address the question of (1) was defendant competent when he entered his plea and (2) is he competent to proceed with sentencing." (1/18/2001 Order, J.A. at 46.)

As indicated in an addendum to the presentence report, the Bureau of Prisons referred Defendant for a competency evaluation, and the resulting report concluded that Defendant was "competent when he entered his guilty plea and that he is currently competent to participate in his sentencing." (J.A. at 117.) Following the completion of this evaluation, the district court scheduled Defendant's sentencing for June 21, 2001.

At the sentencing hearing, the district court observed that defense counsel had objected to the entire presentence report "on the grounds that you believed that a competency evaluation should occur." (6/21/2001 Hearing Tr. at 5, J.A. at 60.) In light of the completed evaluation, the court asked whether Defendant wished to withdraw this objection, and counsel responded that this objection was being withdrawn. (*See id.* at 5, J.A. at 60.) After addressing Defendant's remaining objections, the district court sentenced Defendant to the statutory minimum prison term of 120 months on the first and third counts, and 60 months on the second count, with these sentences to be served concurrently. Defendant now appeals.

### III.  *ANALYSIS*

As observed earlier, three issues are presented on appeal: (i) whether the district court properly denied Defendant's motion to withdraw his plea; (ii) whether the district court properly accepted Defendant's nolo contendere plea; and (iii) whether Defendant's prior drug convictions were properly considered in computing his sentence. We address each of these matters in turn.

## A.  Defendant Waived Any Objection to the District Court's Denial of His Motion to Withdraw His Plea.

As his first issue on appeal, Defendant challenges the district court's denial of his motion to withdraw his nolo contendere plea, claiming substantive and procedural errors in the lower court's review of this motion.  More specifically, Defendant argues that his plea should have been withdrawn, and perhaps not even accepted in the first instance, in light of his purported lack of competency at the time this plea was entered.  Defendant further asserts that the district court deviated from the standard adopted in this circuit for resolving a motion to withdraw a plea.  We decline to address the merits of these contentions because Defendant waived any right of appeal by expressly abandoning this issue in the court below.

In *United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770 (1993), the Supreme Court addressed the extent of the appellate courts' authority to review claims of "plain error" under Fed. R. Crim. P. 52(b).  In resolving this issue, the Court carefully distinguished between "waiver" and "forfeiture," explaining:

The first limitation on appellate authority under Rule 52(b) is that there indeed be an "error." Deviation from a legal rule is "error" unless the rule has been waived. For example, a defendant who knowingly and voluntarily pleads guilty in conformity with the requirements of Rule 11 cannot have his conviction vacated by the Court of Appeals on the grounds that he ought to have had a trial. Because the right to trial is waivable, and because the defendant who enters a valid guilty plea waives that right, his conviction without a trial is not "error."

Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right . . . .  Mere forfeiture, as opposed to

waiver, does not extinguish an "error" under Rule 52(b). Although in theory it could be argued that if the question was not presented to the trial court no error was committed by the trial court, hence there is nothing to review, this is not the theory that Rule 52(b) adopts. If a legal rule was violated during the District Court proceedings, and if the defendant did not waive the rule, then there has been an "error" within the meaning of Rule 52(b) despite the absence of a timely objection.

*Olano*, 507 U.S. at 732-34, 113 S. Ct. at 1777 (internal quotations and citations omitted).

We readily conclude that Defendant did not merely forfeit his present challenge regarding the motion to withdraw his plea, but that he has wholly waived any opportunity to contest the district court's disposition of this motion.  Defendant's motion to withdraw his plea and his motion for a competency evaluation were presented in a single submission to the court below, with the former motion resting solely on the ground that Defendant lacked the mental competency to understand the nature of the proceedings or to knowingly, voluntarily, and intelligently enter a plea.  (*See* Defendant's Motion to Withdraw Plea and Motion for Competency Evaluation, J.A. at 44-45.)  Thus, it cannot be said that Defendant forfeited his claim of incompetency by failing to assert it in the court below.  To the contrary, he squarely presented this issue, persuading the district court to grant his request for a competency evaluation.

Having expressly raised this issue, however, Defendant and his counsel then proceeded to abandon it.  While awaiting a ruling on Defendant's motion to withdraw his plea and his request for a competency evaluation, defense counsel filed an objection to the presentence report in its entirety, on the ground that his client was not "competent in any fashion to understand the proceedings going on around him." (12/20/2000 Objections to Presentence Report, J.A. at 115.) Following the completion of a competency evaluation, in

which it was concluded that Defendant was competent at the time of his plea, the district court scheduled Defendant's sentencing for June 21, 2001.

At the sentencing hearing, the court and defense counsel David Fessler expressly revisited the issue of Defendant's competency, with counsel unequivocally stating that he no longer wished to pursue it:

> THE COURT: Now, let me see. Mr. Fessler, you had at one point objected to the entire [presentence] report, but I think that was on the grounds that you believed that a competency evaluation should occur. That having occurred, do you withdraw your objection?

> MR. FESSLER: I withdraw objections to the entire presentence report, Judge.

(6/21/2001 Hearing Tr. at 5, J.A. at 60.) Defense counsel then raised a few other objections, but none concerning Defendant's competency.

Under analogous circumstances, we have held that this sort of abandonment of an issue raised by way of motion waives any right of appeal on that issue. In *United States v. Sheppard*, 149 F.3d 458, 461 (6th Cir. 1998), for example, the defendant had filed a motion to suppress evidence in the district court, but then withdrew the motion when the Government disproved its factual predicate. On appeal, the defendant again sought to argue, albeit under a slightly different theory, that the district court should have suppressed the evidence that had been the subject of his motion in the court below. We held that the defendant "did not forfeit his suppression argument," but rather had "waived the argument by withdrawing his motion to suppress prior to trial." *Sheppard*, 149 F.3d at 461 (footnote omitted). Consequently, we concluded that we were "without jurisdiction to consider this argument." 149 F.3d at 461 (footnote omitted).

The circumstances presented here are legally indistinguishable from those addressed in *Sheppard*. The sole basis for Defendant's motion to withdraw his plea was that he lacked the competency to enter this plea. When a subsequent evaluation failed to support this contention, Defendant and his counsel abandoned their competency-based objection to the presentence report. In light of this withdrawn objection, the district court was never called upon to decide whether to permit Defendant to withdraw his plea on the ground of incompetency.

We recognize that Defendant did not explicitly abandon his underlying motion to withdraw his plea, and that the district court denied this motion, at least as a formal matter. Yet, in the very same order denying this motion, the district court granted Defendant's companion motion for a competency evaluation. (*See* 1/18/2001 Order, J.A. at 46.) Having afforded Defendant the opportunity to explore the underlying basis for his request to withdraw his plea, the district court surely would have been willing to revisit the issue of Defendant's competency, and hence the validity of his plea, if the competency evaluation had provided support for Defendant's position and Defendant had elected to pursue the matter at the sentencing hearing. Defendant did not so elect, however, presumably because the evaluation provided no such support. This constituted an abandonment of the competency issue, plain and simple. "Consequently, that challenge is forever foreclosed, and cannot be resurrected on this appeal." *United States v. Saucedo*, 226 F.3d 782, 787 (6th Cir. 2000), *cert. denied*, 531 U.S. 1102 (2001).[3]

---

[3] In any event, even if we were to reach the merits of this issue, we would find no basis to disturb the district court's ruling denying Defendant's motion to withdraw his plea. We review such a decision for an abuse of discretion. *See United States v. Pluta*, 144 F.3d 968, 973 (6th Cir.), *cert. denied*, 525 U.S. 916 (1998). As explained, the sole ground for Defendant's motion — and his sole substantive argument on appeal — was that he lacked competency at the time he entered his plea. Yet, the district court thoroughly explored this subject at the plea hearing,

**B.  Any Defect in the District Court's Plea Colloquy Did Not Rise to the Level of Plain Error, But Instead Was Harmless.**

Apart from contending that the district court erred in not allowing him to withdraw his plea, Defendant argues that his plea should have been rejected in the first instance. In particular, Defendant asserts that the district court's plea colloquy did not adequately ensure that Defendant understood the nature of the charges against him and the consequences of his plea. Because Defendant failed to object to this plea colloquy, we review this matter only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59, 122 S. Ct. 1043, 1046 (2002).

---

inquiring repeatedly whether Defendant understood the nature of the proceeding and the consequences of his plea. Indeed, the court engaged in this inquiry *sua sponte,* unprompted by any explicit claim by Defendant or his counsel that Defendant might not be competent to enter a plea. In addition, the lower court afforded Defendant ample opportunity to support his claim of incompetency by granting his request for an evaluation. This evaluation, of course, confirmed the court's own initial assessment that Defendant was competent to enter a plea. Under these facts, we cannot imagine how the district court could be deemed to have abused its discretion.

Nor are we troubled by the district court's failure, in its order denying Defendant's motion to withdraw his plea, to address each of the several considerations endorsed by this court in *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *cert. denied*, 513 U.S. 1115 (1995). As we have elsewhere explained, it is "unnecessary to address each of these factors" where a defendant fails, at the threshold, to identify any "fair and just reason" for permitting him to withdraw his plea. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) (citing the "fair and just reason" standard of former Fed. R. Crim. P. 32(d), now incorporated into Fed. R. Crim. P. 11(d)(2)(B)). Such is the case here, where the district court fairly addressed the issue of Defendant's competency to enter a plea — and likely would have revisited the issue at sentencing, had Defendant not abandoned it — and this was the sole reason given by Defendant for seeking to withdraw his plea.

The substantive basis for this challenge, once again, is that Defendant's mental and emotional problems should have prevented the district court from accepting his plea, and instead should have led the court to order a competency evaluation. By statute, a defendant or the Government "may file a motion for a hearing to determine the mental competency of the defendant," and such a motion must be granted "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Even in the absence of such a motion, a court is required to order such a hearing if the statutory standard of "reasonable cause" is satisfied. 18 U.S.C. § 4241(a). We have recognized that, under this statute, "the district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is 'reasonable cause to believe' that the defendant is incompetent to stand trial." *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989).

For ease of analysis, we assume for present purposes that Defendant's statements at the September 21, 2000 plea hearing provided "reasonable cause to believe" that Defendant might be "mentally incompetent" within the meaning of § 4241(a). It follows, under this assumption, that the district court erred in going forward with the plea hearing without first employing the process set forth in § 4241 for determining a defendant's competency. Even so, this surely was the very essence of a "harmless error," since all pertinent portions of this process subsequently *were* employed at the behest of Defendant himself.

Upon a showing or finding of "reasonable cause" under § 4241(a), a court is required to order a hearing to address the matter of the defendant's competency. *See* 18 U.S.C. § 4241(a). Prior to this hearing, the court "may order that a psychiatric or psychological examination of the defendant be

conducted, and that a psychiatric or psychological report be filed with the court." 18 U.S.C. § 4241(b). The statute further provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . .

18 U.S.C. § 4241(d).

Under the assumption that Defendant's statements at the September 21, 2000 plea hearing should have triggered these statutory mechanisms, the district court would have been required to order a hearing on the issue of Defendant's competency to enter a plea. Prior to this hearing, the court was empowered to order that Defendant be referred for a competency examination. Yet, regardless of whether the district court perceived, or should have perceived, that such an evaluation was desirable, Defendant himself, through his new counsel, filed a motion requesting this very procedure. In its January 18, 2001 Order, the district court granted this request, and directed that Defendant be referred for a competency evaluation. The court further ordered that the resulting report "should address the question of (1) was defendant competent when he entered his plea and (2) is he competent to proceed with sentencing." (1/18/2001 Order, J.A. at 46.) The report addressed both of these issues, answering both inquiries in the affirmative.

At this point, all that remained under § 4241 was the hearing, at which the district court would have been obliged to determine whether Defendant was incompetent within the meaning of the statute. Yet, when defense counsel was asked

at sentencing whether he wished to pursue the issue of Defendant's competency, he expressly withdrew his objection in light of the outcome of the competency evaluation. Likewise, on appeal, Defendant does not point to any further evidence bearing on his competency that might have been, but was not, offered for the district court's consideration at sentencing. We know of no authority, and Defendant has not cited any, for the proposition that § 4241 mandates a hearing even when there is no prospect of meeting the statutory standard of incompetency. Defendant and his counsel evidently concluded that this standard could not be satisfied, and the district court was not obligated to press forward despite Defendant's abandonment of the issue. Even assuming, as we do here, that Defendant's testimony at the plea hearing provided "reasonable cause" to question his competency, this "cause" surely was dissipated by the results of the competency examination. *See United States v. Giron-Reyes*, 234 F.3d 78, 81 (1st Cir. 2000) ("Initial competency hearings under [§ 4241](a) are not mandated absent reasonable cause because the evidence of competency may be so overwhelming as to render any such hearing a superfluous formality."); *United States v. Lebron*, 76 F.3d 29, 32 (1st Cir.) ("If a psychiatrist has determined that a defendant is competent, a court is not required to hold a further evidentiary hearing absent extenuating circumstances."), *cert. denied*, 518 U.S. 1011 (1996).

Defendant suggests, however, that the order of events here was significant, and that he suffered harm as a result of the district court accepting his plea **before** referring him for a competency evaluation. We fail to discern any legal significance in this chronology, at least under the facts of this case. In ordering the competency evaluation, the court instructed that this process should address Defendant's competency at the time he entered his plea. The resulting report opined that Defendant was competent to enter his plea, thereby confirming the lower court's own assessment at the plea hearing. If this report had been available before the

hearing, it can hardly be said that the district court would have been less likely to accept Defendant's plea.

We do not mean to suggest that timing can ***never*** matter. A different analysis might pertain, for example, where the evidence indicates that the defendant's condition fluctuates over time, or where there is a substantial temporal gap between a defendant's competency evaluation and the proceeding or hearing at which his competency is called into question. *See Pate v. Smith*, 637 F.2d 1068, 1072 (6th Cir. 1981) (noting that "a retrospective determination [of a defendant's competency] may satisfy the requirements of due process if it is based on evidence related to observations made or knowledge possessed at the time of trial"). In this case, however, Defendant does not claim that the timing of his competency evaluation affected its outcome, or that an earlier examination might have produced a different result. Accordingly, if the district court violated § 4241 by accepting Defendant's plea before ordering a competency examination, this error surely was harmless.

This leaves only the question whether Defendant's statements during the plea colloquy itself were so indicative of incompetency that the district court was compelled, as a matter of basic due process, to refuse Defendant's plea and instead convene a competency hearing. The Supreme Court has observed that "the conviction of an accused person while he is legally incompetent violates due process," and has instructed that a hearing is required "[w]here the evidence raises a *bona fide* doubt as to a defendant's competence to stand trial." *Pate v. Robinson*, 383 U.S. 375, 378, 385, 86 S. Ct. 836, 838, 842 (1966) (internal quotations and citations omitted). On this matter, we ask "[w]hether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir.), *cert. denied*, 461 U.S. 916 (1983). The test of competency, in turn, "is whether [the defendant] had sufficient ability to consult

with his lawyers and a reasonable degree of rational and factual understanding of the proceedings against him." *United States v. Ford*, 184 F.3d 566, 580 (6th Cir. 1999), *cert. denied*, 528 U.S. 1161 (2000).

It would be difficult to find such a due process violation here, where the district court's assessment of Defendant's competency at the plea hearing was subsequently confirmed by qualified mental health professionals, and where the record contains no professional opinion to the contrary. Nor did Defendant exhibit irrational behavior at the plea hearing, or otherwise act in a way that called his competency into question. To the extent that Defendant's statements regarding voices and ringing in his ears raised concerns about his mental condition, the district court did not ignore this testimony, but instead explored the matter further. In response, both Defendant and his counsel expressly assured the court that Defendant understood the nature of the charges and the consequences of his plea. As demonstrated by our precedents, these circumstances did not compel the court below to order a competency hearing. *See Williams*, 696 F.2d at 465, 467; *Owens v. Sowders*, 661 F.2d 584, 585-86 (6th Cir. 1981). Rather, we find that the district court's plea colloquy adequately protected Defendant's right to due process.

## C.   The District Court Properly Considered Defendant's Prior Drug Convictions in Computing His Sentence.

As his final issue on appeal, raised in a *pro se* submission, Defendant argues that the district court erred in relying on his prior drug convictions to trigger an enhanced statutory sentencing range. Specifically, Defendant contends that the Government failed to give proper notice of its intent to rely upon these prior convictions, and that the district court failed to determine whether the prior convictions were valid. We find no merit in the first of these challenges, and hold with regard to the second that any error was harmless.

The procedures governing the use of prior convictions in sentencing are set forth at 21 U.S.C. § 851. Under subsection (a)(1) of this statute, a person cannot be "sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). The statute further dictates that a defendant must file a written response if he "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid." 21 U.S.C. § 851(c)(1). Finally, the statute imposes a duty of inquiry upon the district court:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b).

In this case, contrary to Defendant's assertion, the Government complied with § 851(a)(1) by filing a July 10, 2000 information with the district court and serving a copy of this information upon defense counsel. (*See* 7/10/2000 Prior Conviction Information, J.A. at 36.) This information, filed two months before Defendant's September 21, 2000 plea hearing, disclosed two prior felony convictions: (i) an April 3, 1998 Ohio conviction for trafficking in drugs, and (ii) a November 30, 1995 Connecticut conviction for possession of narcotics. Either of these prior convictions, standing alone, would suffice to trigger the 10-year mandatory minimum sentence that the district court imposed upon Defendant, in

light of the drug quantity alleged in the indictment. *See* 21 U.S.C. § 841(b)(1)(B). Moreover, the court expressly informed Defendant at the plea hearing that he faced a 10-year mandatory minimum sentence. (*See* 9/21/2000 Hearing Tr. at 14, J.A. at 87.) Thus, Defendant was given proper notice, in accordance with the dictates of § 851(a)(1), of the Government's intended reliance on these two prior felony convictions.

Nonetheless, Defendant correctly notes that the district court failed to conduct the inquiry dictated by § 851(b). In particular, while Defendant neither objected to the portion of the presentence report detailing his prior convictions nor raised this matter at sentencing, the court did not inquire before sentencing Defendant whether he affirmed or denied the two prior convictions disclosed in the July 10, 2000 information. We have held that "a failure to engage in the colloquy required by section 851(b) is subject to harmless error analysis." *United States v. Hill*, 142 F.3d 305, 313 (6th Cir.), *cert. denied*, 525 U.S. 898 (1998).

As demonstrated by the facts and holding of *Hill*, the lower court's error here was harmless. In *Hill*, as in this case, the Government filed the required information disclosing two prior drug convictions, but the defendant "did not object to the presentence report, which referred to his prior convictions," and he "also did not object at sentencing." *Hill*, 142 F.3d at 313. Accordingly, we found "no indication in the record that defendant ever complied with the mechanisms of section 851(c) to notify the district court that he would challenge these convictions." 142 F.3d at 313. Because of the defendant's failure to invoke the statutory mechanism for contesting the Government's statement of his prior convictions, we held that there was "no reason for [the] district court to conduct a hearing on the validity of the prior convictions." 142 F.3d at 313. More specifically, we held that "the district court's failure to engage in the colloquy described in section 851(b) [wa]s harmless" where, "notwithstanding repeated opportunity, defendant did not

challenge his prior convictions before the district court." 142 F.3d at 313.

Precisely the same can be said here. Defendant neither filed the requisite response under § 851(c)(1) challenging the validity of his prior drug convictions, nor did he object at sentencing to the use of these convictions to trigger a statutory minimum 10-year term of imprisonment.[4] Under *Hill*, this absence of any challenge or objection renders harmless the district court's failure to conduct the inquiry called for under § 851(b). Consequently, we affirm the use of Defendant's prior drug convictions in computing his sentence.

## IV. *CONCLUSION*

For the reasons set forth above, we AFFIRM the conviction and sentence of Defendant/Appellant Abraham Denkins.

---

[4] Even on appeal, Defendant has not suggested any basis for questioning the validity of either of the prior drug convictions relied upon in sentencing. To the contrary, in one of his *pro se* submissions to this court, Defendant states that "I have one weed case and one n[a]rco[t]ic case w[hi]ch was blown out of proportion." (Appellant's 9/5/2002 Br. at 3.)