**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0768n.06

No. 08-5334

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Dec 04, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee**, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| GERALD A. FIELDS, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |
| | ) | |
| _____ | ) | |

**Before:**       **O'CONNOR,**[*] **Associate Justice (Ret.); GILMAN and GIBBONS, Circuit Judges.**

**SANDRA DAY O'CONNOR, Associate Justice (Ret.).**   Defendant-Appellant Gerald Fields pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  Fields was sentenced to a term of 151 months' imprisonment, at the bottom of his uncontested Guidelines range.  Fields now argues that his sentence was unreasonable. He also argues, for the first time on appeal, that the district court erred in failing to inquire as to whether Fields admitted or denied a prior felony drug conviction used to enhance his sentence, as required by 21 U.S.C. § 851(b).  Finding no reversible error, we **AFFIRM**.

_____

[*]       The Honorable Sandra Day O'Connor, Associate Justice (Ret.) of the United States Supreme Court, sitting by designation

1

**BACKGROUND**

On June 6, 2007, the Northern Kentucky Drug Strike Force intercepted a United Parcel Service package that was found to contain more than four kilograms of cocaine. The package was delivered to one of Fields's co-defendants, Alberto Martinez, who was immediately detained by the Strike Force. Martinez cooperated with authorities and arranged to meet Fields at a Red Roof Inn to deliver the package. That evening, Fields and two other individuals arrived at the Red Roof Inn. Fields was identified as the intended recipient of the drugs. Fields had $94,314 in currency with him, and he was arrested by the Strike Force and subsequently indicted. While charges were pending, the government filed a "prior conviction information" on September 7, 2007. The information indicated that Fields had been convicted of felony possession of cocaine in 1999 and that the government intended to use that conviction to enhance Fields's exposure at sentencing.

Fields pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Fields's written plea agreement provided that his minimum sentence was 120 months' imprisonment, in part because of his prior conviction for felony possession of cocaine. At no point did Fields or his attorney challenge the fact of his prior felony drug conviction; each repeatedly acknowledged that 120 months was the proper statutory minimum. Before accepting his plea, the district judge asked Fields if he understood that he was facing a minimum of 120 months' imprisonment, and Fields responded that he understood.

At sentencing, the district judge adopted the presentence report's calculation of Fields's

Guidelines range as 151 to 188 months. Fields filed a sentencing memorandum agreeing with the presentence report's calculation of his Guidelines range, but asking the court to depart downward and impose what he acknowledged as the statutory minimum, 120 months. The government asked for a sentence of 180 months. The court sentenced Fields to 151 months, at the bottom of the Guidelines range. In announcing the sentence, the district judge reviewed the sentencing factors provided in 18 U.S.C. § 3553, acknowledged that the Guidelines were merely advisory, and determined that the 151-month sentence was appropriate under the circumstances of this case. Fields now brings this appeal raising two challenges to his sentence. He first argues that the 151-month sentence was unreasonable, and next that the district court erred when it failed to inquire as to whether Fields admitted or denied his prior felony drug conviction.

**ANALYSIS**

A.

Fields first asks this Court to reverse his sentence because it was "unreasonable." We review all challenges to sentences, whether inside or outside the Guidelines range, for reasonableness. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* Fields alleges no defect in the district court's sentencing procedures, and we find none.

Satisfied that the district court's sentence was not procedurally unreasonable, we next "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* This court presumes that a sentence within the Guidelines range, such as Fields's, is reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). Although Fields asserts on appeal that his harsh upbringing warranted a statutory minimum sentence of 120 months, the district court considered that factor and balanced it against his extensive criminal history and determined that a bottom of the Guidelines sentence was appropriate under the factors listed in 18 U.S.C. § 3553. Fields does not even attempt to demonstrate how the 151-month sentence was unreasonable, but simply asserts that conclusion after reiterating the very mitigating factors that the district court considered. Having carefully reviewed the sentencing transcript, we are satisfied that Fields has failed to rebut the presumption that his Guidelines sentence was reasonable.

B.

Fields next argues, for the first time on appeal, that the district court failed to inquire whether he admitted or denied his 1999 conviction for felony possession of cocaine, as required by 21 U.S.C. § 851(b). If the government files an information indicating it will rely on a prior conviction to enhance a defendant's sentencing exposure, as was done here, § 851(b) states that "the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information."

4

More than two months before Fields pleaded guilty, the government filed an information with the court indicating that it would rely upon his prior conviction for felony possession of cocaine at sentencing, as required by 21 U.S.C. § 851(a). Fields never raised any objection to that information. In fact, Fields signed the plea agreement, which explicitly listed this prior conviction as warranting a statutory minimum sentence of 120 months. Throughout Fields's sentencing, his counsel acknowledged that the 120-month sentence was the appropriate statutory minimum. The government gave Fields ample notice that it intended to use his prior conviction as a sentencing enhancement, and at every turn Fields seemed to admit to the prior conviction.

Nonetheless, Fields is correct that the district court was required to directly inquire as to whether he admitted or denied the fact of his prior conviction. 21 U.S.C. § 851(b); *United States v. Denkins*, 367 F.3d 537, 548–49 (6th Cir. 2004) ("Defendant was given proper notice, in accordance with the dictates of § 851(a)(1), of the Government's intended reliance on these two prior felony convictions. Nonetheless, Defendant correctly notes that the district court failed to conduct the inquiry dictated by § 851(b).").

Still, "a failure to engage in the colloquy required by section 851(b) is subject to harmless error analysis." *United States v. Hill*, 142 F.3d 305, 313 (6th Cir. 1998). This Court has repeatedly found the failure to inquire under § 851(b) to be harmless when a defendant receives adequate notice of the government's intent to use the prior conviction at sentencing and fails to file an objection under § 851(c). *See, e.g.*, *Denkins*, 367 F.3d at 549; *Hill*, 142 F.3d at 313. This case is on all fours

with both *Denkins* and *Hill*, and we find the district court's failure to inquire harmless under these circumstances.

## CONCLUSION

We **AFFIRM** the district court's judgment and sentence.