NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0072n.06

Nos.  08-3721, 08-3722

**FILED**
**Feb 04, 2010**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,                              )
                                                                    )
      Plaintiff-Appellee,                              )
                                                                    )
v.                                                                  )   ON APPEAL FROM THE UNITED
                                                                    )   STATES DISTRICT COURT FOR
ANTHONY RAY ARTRIP,                                   )   THE  SOUTHERN  DISTRICT  OF
                                                                    )   OHIO
      Defendant-Appellant.                            )
                                                                    )
                                                                    )
                                                                    )

Before:  MERRITT, COOK, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Anthony Ray Artrip's attorney expressly assured the district court at Artrip's plea hearing that Artrip was competent to proceed with his plea.  Artrip now argues, through the same attorney, that Artrip's *in*competence at the hearing was so apparent that the court, *sua sponte*, should have ordered a separate competency hearing.  We reject that argument, and affirm.

Artrip pled guilty to armed bank robberies in Ohio and Florida, in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm in furtherance of a bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court sentenced him to 243 months' imprisonment on the robbery counts, consecutive with 84 months' imprisonment on the brandishing count.  On appeal, Artrip asserts that he did not understand the proceedings against him and that he was mentally

incompetent to take part in them. He argues that, by failing to order a competency hearing, the district court violated his due process rights. *See generally Pate v. Robinson*, 383 U.S. 375, 378 (1966) ("the conviction of an accused person while he is legally incompetent violates due process"); *see also* 18 U.S.C. § 4241(a) (requiring a court to order such a hearing whenever "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").

Due process requires a court to order a competency hearing only when "a reasonable judge . . . should have experienced doubt with respect to competency[.]" *United States v. Denkins*, 367 F.3d 537, 547 (6th Cir. 2004) (internal quotation marks omitted). The district court expressly found Artrip to be competent here. We review that finding for clear error. *See Mackey v. Dutton*, 217 F.3d 399, 412-13 (6th Cir. 2000) (competence is a question of fact).

Nothing in the record undermines the district court's finding. The court extensively questioned Artrip at his plea hearing. His responses were appropriate and demonstrated that he understood the proceedings. The court also had the results of two prior competency evaluations by psychiatric professionals. Both evaluators not only certified Artrip as competent, but also flagged him as a malingerer—a person who falsifies symptoms to avoid criminal prosecution.

Artrip now argues that the district court "rushed Artrip through a plea hearing without reviewing competency." But a party cannot tell the district court one thing and then tell us the opposite. And here, Artrip's lawyer in the district court—who is again his lawyer before this one—expressly told the district court the following:

> *I want the Court to feel comfortable that what we're doing is not simply an
> effort to expedite matters or move Mr. Artrip quickly through the system* and go on
> to the next matter. What we've done is we've indulged on your patience. Mr. Artrip
> has been very cooperative lately with me, and *I feel confident that he understood
> what [the prosecutor] just went through[.]*

(Emphasis added.)

That "confiden[ce]" was justified. The record fully supports the district court's determination

of competency. Artrip's conviction and sentence are affirmed.