NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0567n.06

No. 13-4037

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 28, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| EDDIE M. LAMAR, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS and DONALD, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Eddie M. Lamar, a federal prisoner, appeals his conviction.

Lamar's conviction arose out of a traffic stop of an automobile in which he was a passenger. During the stop, police officers on the scene, who knew Lamar from having previously arrested him, asked Lamar to exit the vehicle and place his hands on the trunk to be searched. Before an officer could pat him down, Lamar fled, taking a gun from his waistband and throwing it on the ground. Lamar filed a motion to suppress the firearm, which the district court denied. Lamar then pleaded guilty to being a felon in possession of a firearm; the district court sentenced him to seventy months of imprisonment.

On appeal, Lamar argues that his counsel was ineffective by failing to make his guilty plea conditional on the right to appeal the denial of the motion to suppress. Lamar argues that such an appeal would have been successful because the police lacked reasonable suspicion that

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

he was armed and dangerous in order to justify patting him down for weapons, citing *Arizona v. Johnson*, 555 U.S. 323, 327 (2009). Finally, Lamar argues that his motion to withdraw his guilty plea should have been granted.

Upon review, we conclude that none of the issues raised are reviewable. We generally do not review claims of ineffective assistance of counsel on direct appeal because the record is not sufficient for such purposes. *See United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). In this case, the record contains no evidence regarding whether Lamar, his counsel, or the prosecutor discussed a conditional plea. We therefore have no basis on which to conclude that counsel was ineffective in failing to secure such a plea. This claim would be raised more properly in a motion to vacate sentence under 28 U.S.C. § 2255.

Lamar also attempts to argue the merits of his suppression issue. Because he did not enter a conditional plea, however, this issue is not properly before us. *Ferguson*, 669 F.3d at 763-64. Even if the claim could be considered, it is not meritorious because any "unlawfulness [in] the original attempt to seize the defendant" is not dispositive when a "defendant abandon[s] a handgun" during flight. *See United States v. Seymour*, 739 F.3d 923, 928-29 (6th Cir. 2014).

Lamar's final claim is that the district court should have granted his motion to withdraw his plea. Lamar did file a pro se motion to withdraw his plea. But, at his sentencing hearing, he expressly withdrew that motion, and the district court did not rule on it. Lamar's abandonment of the motion precludes appellate review because there was no ruling by the district court. *See United States v. Denkins*, 367 F.3d 537, 544 (6th Cir. 2004).

We affirm the judgment of the district court.