NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0175n.06

Case No. 19-1894

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Apr 06, 2021<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) |  |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| IMMANUEL BRADLEY, | ) | THE WESTERN DISTRICT OF |
|  | ) | MICHIGAN |
| Defendant-Appellant. | ) |  |
|  | ) |  |

BEFORE: BOGGS, DONALD, and THAPAR, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Immanuel Bradley challenges the district court's application of an enhancement to his sentence for reckless endangerment during flight. Bradley asserts that due to the enhancement, his sentence is both procedurally and substantively unreasonable. We find that Bradley waived his challenge to the reckless-endangerment enhancement. Thus, we DISMISS the appeal on that ground and AFFIRM the reasonableness of the district court's sentence.

## I. BACKGROUND

On October 25, 2018, the Kalamazoo Department of Public Safety responded to a report of a stolen automobile. When police recovered the car, it was parked in front of a house. Immanuel Bradley, who was at the house, admitted to driving the vehicle but denied knowing that it was a stolen vehicle. Police then obtained a search warrant for the house and found stolen mail, a loaded

rifle, pistol ammunition, passports, debit cards, social security cards, and other identification documents.

On January 26, 2019, an individual named Dawn Yesner contacted the police to report that her .40-caliber handgun had been stolen. She identified Bradley as the potential suspect, but stated that, when she asked Bradley, he denied having the gun.

A week later, police officers drove to a supermarket to investigate a shoplifting complaint after a store employee observed two suspects concealing items without paying. Surveillance footage from the store revealed that Bradley and a female suspect, Amanda Herald, were at the store at the time the police arrived. The officers saw Bradley remove a .40-caliber semiautomatic pistol from his waistband and drop it in a basket near the checkout lane. While one officer prevented Herald and a bystander from reaching the gun in the basket, the other officer tried to handcuff Bradley. Bradley broke free and fled the store, smashing a wine display on his way out. Police officers chased after him, leaving the unsecured gun behind.

Bradley ran on foot to a house nearby and offered the homeowner $1,000 if she would allow him to hide from the police. She agreed to let Bradley in, but immediately ran outside, alerted the police, and told them that Bradley did not have permission to be in the home. The police obtained a search warrant, a SWAT team was called to the scene, and a two-hour standoff ensued. Eventually, police found and arrested Bradley inside the house. Bradley had a prior felony conviction for home invasion.

A grand jury in the Western District of Michigan returned an indictment charging Bradley with (1) being a felon in possession of a firearm; (2) possession of a stolen firearm; (3) possession of stolen mail; and (4) possession of .223-caliber ammunition. Bradley pleaded guilty to Counts 1 and 3.

An initial presentence investigation report recommended a two-level enhancement under U.S.S.G § 3C1.2 for reckless endangerment during flight. Bradley objected, stating that the homeowner "allowed" him to stay there. Bradley subsequently dropped his objection to the reckless-endangerment enhancement, instead objecting only to the lack of a recommendation for acceptance of responsibility. U.S. Probation applied a two-level reckless endangerment enhancement in the final PSR. Based on the total offense level of 18 and Bradley's criminal history category of V, the resulting guidelines range was 51 to 63 months.

At sentencing, Bradley's only initial objection was the lack of a downward variance for his acceptance of responsibility. The district court evaluated the fact that Bradley ran from the police officer, left the gun unattended, entered a woman's home, and did not come out until the SWAT team intervened. The court stated that "[t]wo levels [enhancement recommended in the PSR under § 3C1.2] does not cover the reckless-endangerment here." It determined that it would *depart* pursuant to the Guidelines and justified this departure by analogizing it to an additional one-level increase in the offense level. The district court then determined that, without reference to the departure authorized under the Guidelines, it would *vary* upward by an additional amount equivalent to adding another level, noting that it had determined to impose a variance as well because Bradley was a danger to the community. The court then stated that it was considering the sentence as though it was based on the equivalent Guidelines range justified by the PSR's offense level of 18, plus one additional level added as a departure, and an additional level added as a variance—equaling, in its eyes, an offense level of 20. The court then issued its final sentence of 78 months, equivalent to the top of this constructed Guidelines range. Bradley was sentenced to 66 months' imprisonment on the firearms charge and 12 months' imprisonment on the stolen mail charge. Bradley timely appealed.

## II.   ANALYSIS

On appeal, Bradley couches his argument as challenging a three-level reckless-endangerment enhancement to his sentence.  Bradley asserts that the reckless-endangerment enhancement makes the sentence both procedurally and substantively unreasonable.  The government asserts that Bradley waived his right to challenge the reckless-endangerment enhancement when he first raised—and later withdrew—his objection to it.

Forfeiture occurs when the defendant "fails to make the timely assertion of a right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Alternatively, waiver is the "intentional relinquishment or abandonment of a known right." *Id.*

When a defendant has forfeited an argument, we review it for plain error.  To succeed on plain-error review, a party must show "(1) error, (2) that was obvious or clear, (3) that affected defendant's substantial rights, and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." Fed. R. Crim. P. 52(b), *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotations omitted) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).  In contrast to forfeiture, this Court declines to review waived arguments on appeal.  *United States v. Denkins*, 367 F.3d 537, 543–44 (6th Cir. 2004).

Here, Bradley first objected to the two-level enhancement but subsequently withdrew his objection. We deem it waived.  Since the district court's application of the reckless-endangerment enhancement is the sole basis for Bradley's challenge to the sentence being both procedurally and substantively unreasonable, we decline to review it.

We have held that a party "must object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection."  *United States v. LeBlanc*, 612 F.2d 1012, 1014 (6th Cir. 1980) (internal quotations omitted).

We find our caselaw on the issue of forfeiture and waiver instructive. In *United States v. Denkins*, the defendant first filed a motion to withdraw his nolo contendere plea, then withdrew it. *Denkins*, 367 F.3d at 542. He then challenged the district court's denial of his motion to withdraw the plea. *Id.* at 543. This Court found that Denkins waived his right to raise the issue on appeal. *Id.* We explained that Denkins filed his motion to withdraw his plea and his motion for a competency evaluation as a single document. *Id.* At the sentencing hearing, Denkins' counsel stated that he withdrew his objections to the PSR. *Id.* at 544. His counsel then raised other objections, but none concerning his original motion. *Id.* This Court interpreted the failure to continue to pursue the objection as waiver, even though Denkins did not explicitly abandon the motion. *Id.* We concluded that his challenge is "forever foreclosed, and cannot be resurrected on this appeal." *Id.* (quoting *United States v. Saucedo*, 226 F.3d 782, 787 (6th Cir. 2000), *cert. denied*, 531 U.S. 1102 (2001)) (internal quotations omitted).

In *United States v. Bennett*, the defendant first filed an objection to the district court's application of a four-level enhancement to his sentence and to the amount of methamphetamine attributable to him that affected the base offense level. 291 F.3d 888, 899 (6th Cir. 2002). At the sentencing hearing, defendant's counsel failed to raise the objection to the base level, only objecting to the enhancement. *Id.* We found that "[b]y failing to reiterate his objection to the base offense level when asked by the district court whether there was 'anything else' that needed to be considered," the defendant waived his right to object to the amount of methamphetamine attributable to him. *Id.*

This Court further found that failure to renew an objection constituted waiver in *Saucedo*, 226 F.3d at 787. Initially, Saucedo objected, in writing, to the cocaine quantity in the PSR. *Id.* Upon review, we found that Saucedo abandoned his challenge when his counsel made no further

mention of it during sentencing proceedings. *Id.* n.7. Saucedo "knowingly waived his charged error that the trial court had attributed an unsubstantiated amount of cocaine to his activity." *Id.* at 787.

In contrast, we found that the defendant in *United States v. Holland* merely forfeited his objection to an enhancement. 799 F. App'x 380, 384 (6th Cir. 2020) (unpublished). Holland "did not object to the enhancement for using a computer to carry out his offense." *Id.* at 384. However, he did object to a different enhancement on different grounds. *Id.* Because Holland neither agreed to the computer enhancements nor explicitly withdrew his objection, we found that Holland's "failure to object [was] more akin to a forfeiture than a waiver," and reviewed that claim for plain error. *Id.*

Here, the initial PSR included a recommendation for a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight. On June 17, 2019, Bradley objected on two grounds: (1) the application of the reckless endangerment enhancement, and (2) the refusal to apply a downward variance for acceptance of responsibility. On the two-level reckless-endangerment enhancement, Bradley stated that it should not apply because "[a]t no time were the residents of the house in danger." He raises the same issue on appeal.

On June 24, 2019, Bradley submitted an Amended Defendant's Response to the Initial PSR. The amended response no longer stated his objection to the two-level reckless-endangerment enhancement. It only contained his objection to the lack of application of the acceptance of responsibility. Without further objections, the reckless-endangerment enhancement was contained in the final PSR.

At the beginning of the sentencing hearing, the district court again asked Bradley if he had any further objections apart from the acceptance-of-responsibility objection. Bradley's counsel

answered that he did not. Bradley's counsel objected on other grounds, but not on the reckless endangerment enhancement.[1] After the court imposed the sentence, it asked if the defendant had any further objections to its actions and counsel for Bradley stated that he objected to a sentence outside the Guidelines. He now argues that his sentence was substantively unreasonable as well as procedurally unreasonable by the application of any reckless-endangerment enhancement. Because Bradley's counsel objected to a sentence "outside the guidelines range," which certainly includes the amount of the variance, and the amount of the departure (which was, after all a departure *from* the Guidelines), he preserved his objection to the discretionary actions of the district court judge leading, in his view, to a substantively unreasonable sentence. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc) (stating that a defendant has no duty to object to the reasonableness of a sentence to preserve a substantive-reasonableness argument on appeal so long as he gives the district court grounds for leniency).

Based on the record, we find that Bradley abandoned his objection to the two-level reckless-endangerment enhancement. Such abandonment constitutes waiver. *Olano*, 507 U.S. at 733. In light of Bradley's waiver, we decline to review the application of the two-level enhancement. *Denkins*, 367 F.3d at 544. However, because Bradley preserved his objection to the three-level enhancement as a challenge to a sentence outside the Guidelines range, we will review it under an abuse of discretion standard.

---

[1] At the sentencing hearing, the following colloquy transpired between the district court judge and Bradley's counsel:

> THE COURT: Any legal objection to the sentence imposed?
>
> MR. KACZOR: Your Honor, I don't know if it's necessary for me to object to him not receiving acceptance of responsibility, but I do. I also object to a sentence outside of the guideline range, and to the consecutive sentence.
>
> THE COURT: Thank you, sir. Those objections are noted for the record.

In examining his challenge to the final sentence as substantively unreasonable, we look to the reasons given that would support an authorized departure from the Guidelines (under § 5K2.0) and the reasons that support a variance outside the Guidelines (under 18 U.S.C. § 3553(a)). Departures and variances are reviewed for an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 96-97 (1996) (departures); *Gall v. United States*, 552 U.S. 38, 56 (2007) (variances).

Bradley mistakenly states that "an upward departure is only available when there is a level of culpability higher than recklessness." His argument is that, even if a two-level enhancement was appropriate, the three-level enhancement was not. The Application Notes to U.S.S.G. § 3C1.2 suggest that the enhancement has a broad application, applying to "conduct [that] occurs in the course of resisting arrest." U.S.S.G. § 3C1.2 app. n. 3. Furthermore, the Application Notes specify that an upward departure may also be warranted "[i]f . . . the conduct posed a substantial risk of death or bodily injury *to more than one person*." U.S.S.G. § 3C1.2 app. n. 6 (emphasis added). Given Bradley's conduct in the store and subsequently at the house, which endangered more than one person, the three-level departure was warranted.

In this case, the facts in the record and the court's discussion of them amply justify either a departure or a variance, or both. Bradley's actions were indeed exceptionally reckless and endangered multiple people. He left an unattended gun in the supermarket; he broke away from the officers attempting to arrest him, smashing glass bottles and leading officers on a chase away from the firearm; he then essentially forced his way into a nearby house without permission, based on a promise to pay the occupant, and then stood off against an armed police SWAT team. These actions reasonably support both the court's departure from the Guidelines, as authorized by the Guidelines themselves, and variance outside the Guidelines, as authorized by *United States v. Booker*, 543 U.S. 220 (2005). The district court did not distinguish in its computations or statement

of reasons between the amount by which the sentence was increased under each of these two rubrics, but either one, or both, would justify the increased sentence of fifteen months above the computed Guidelines range.

Bradley has failed to show that the district court "abdicated [its] decisional role by merely rubber-stamping the recommendation of the probation officer . . . [or that the] improper actions of [the] probation officer resulted in the [district court] making a reviewable sentencing error of a type requiring reversal or remand." *United States v. Espalin*, 350 F.3d 488, 489-90 (6th Cir. 2003). We therefore find that the district court did not commit plain error in sentencing Bradley to 78 months in prison.

## III. CONCLUSION

For the foregoing reasons, we **DISMISS** the appeal to the extent that it is taken from the application of the § 3C1.2 enhancement for reckless endangerment, and **AFFIRM** the judgment of the district court with respect to the final sentence and departure and variance leading to it.