NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0359n.06
Filed: May 25, 2007

No. 06-3574

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| WILLIAM W. FARRELL, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GIBBONS and McKEAGUE, Circuit Judges; and BERTELSMAN,[*] District Judge.

JULIA SMITH GIBBONS, Circuit Judge. Defendant-appellant William W. Farrell was convicted, following a jury trial, on several counts arising from his role in the robbery of several banks in Ohio, Kentucky, and Pennsylvania. Farrell appealed, and this court affirmed his conviction but vacated his sentence in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). On remand, the district court imposed the same sentence imposed initially–294 months. On appeal, Farrell challenges his sentence on reasonableness grounds, arguing that it is longer than necessary to achieve the statutory goals outlined in 18 U.S.C. § 3553(a). Because the district court

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

fully considered the relevant sentencing factors outlined in 18 U.S.C. § 3553(a) and there is nothing in the record to suggest that the district court improperly weighed the evidence before it, we affirm.

I.

Following a jury trial, Farrell was convicted of (1) conspiracy to commit bank robbery in violation of 18 U.S.C. § 371; (2) two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a); and (3) possession of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). *Farrell v. United States*, 162 F. App'x 419, 421-22 (6th Cir. 2006). The district court, applying the then-mandatory guidelines, sentenced Farrell to 294 months incarceration. *Id.* at 422. On appeal, this court affirmed his conviction but vacated his sentence for *Booker* error. *Id.* at 421.

On remand for resentencing, the district court began by observing that post-*Booker* the guidelines occupy only an advisory role. The court next identified the statutory sentencing factors contained in 18 U.S.C. § 3553(a). The court then acknowledged the relevant guidelines recommendation given Farrell's offense characteristics and criminal history.[1] With respect to his conspiracy and robbery convictions, the guidelines called for between 210 and 262 months incarceration. His conviction for the violation of 18 U.S.C. § 924(c) is subject to a mandatory minimum sentence of seven years (eighty-four months).

Finally, the court determined that the facts of Farrell's case warranted reimposition of the sentence handed down prior to *Booker*. The district court imposed a sentence of 210 months imprisonment for the conspiracy and bank robbery convictions–the bottom end of the guidelines

---

[1]On appeal, Farrell raises no objection to the applicable guidelines recommendation relied upon by the district court.

2

recommendation–and the statutory minimum of eighty-four months imprisonment for the § 924(c) violation, each to be served consecutively. According to the district court, Farrell's lengthy criminal history and the serious and violent nature of the crimes for which he was convicted militated in favor of a lengthy sentence. However, his age–sixty-three–and poor health motivated the district court to select a sentence at the bottom end of the guidelines recommendation.

## II.

Farrell challenges the sentence imposed by the district court on the ground that it is unreasonable. Post-*Booker*, the discretion of a district court in handing down a sentence has been enhanced, and a sentence will be upheld on appeal if that sentence is "reasonable." *United States v. Jackson,* 408 F.3d 301, 304 (6th Cir. 2005). This reasonableness inquiry has both a procedural and a substantive component, requiring review of both the procedures used and factors considered in determining the sentence and the punishment itself. *See United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005).

## A.

Farrell does not challenge the procedural reasonableness of his sentence except to the extent that he suggests that the district court did not properly understand the purely advisory role the guidelines now occupy post-*Booker*. However, the sentencing transcript reveals that the district court understood the advisory nature of the guidelines. During oral argument, Farrell's counsel appeared to argue that the district court failed to take into account Farrell's age and health status in pronouncing sentence. The record simply does not support such a claim. The district court expressed a clear rationale based on the relevant factors outlined in § 3553(a), and Farrell points to nothing that should have been considered by the district court but was not. Accordingly, there is no doubt that the

sentence handed down was procedurally reasonable. *See United States v. Dexta*, 470 F.3d 612, 615 (6th Cir. 2006). Farrell's principal objection to his sentence stems from his argument, addressed below, that his age and health warranted further lenity in sentencing.

B.

The law of this circuit draws a distinction between sentences that are within the recommended guidelines range and those outside of that range. Because the district court imposed a sentence within the range recommended by the guidelines, it is accorded a rebuttable presumption of reasonableness. *See United States v. Cruz*, 461 F.3d 752, 754 (6th Cir. 2006).

On appeal, the focus of Farrell's argument is that given his age and poor state of health, the sentence he received was unreasonable because a sentence of shorter length would have been more appropriate. In imposing sentence, the district court stated explicitly that its decision to impose a sentence at the bottom end of the guidelines was motivated by its concern over Farrell's age and poor health. In declining to exercise its discretion to impose a sentence below the guidelines recommendation, however, the district court balanced these mitigating factors against Farrell's extensive criminal history and its belief in the consequent need to incapacitate Farrell and prevent future criminal activity. The district court was also concerned with the serious and violent nature of the crimes for which Farrell was convicted.

Farrell's unhappiness with the length of his sentence is understandable. However, a mere allegation that an individual sentence is greater than necessary to achieve the goals of punishment outlined in § 3553(a) is insufficient to rebut the presumption of reasonableness. *Dexta*, 470 F.3d at 616. Farrell's desire for a lighter sentence, without more, simply does not justify our setting his sentence aside. "The fact that the district court did not give the defendant the exact sentence he sought

4

is not a cognizable basis to appeal, particularly where the district court followed the mandate of § 3553(a) in all relevant respects." *Id.* (quoting *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006)).

In effect, Farrell requests that we substitute our judgment of what constitutes a reasonable sentence for that of the district court. On the record before us, there simply is nothing to call the reasoning of the district court into question. The district court considered all of the relevant statutory factors and balanced all of the mitigating and aggravating evidence in calculating an appropriate sentence. Under such circumstances, it is not the province of the appellate court to substitute its judgment for that of the sentencing court. *United States v. Collington*, 461 F.3d 805, 811 (6th Cir. 2006). There is nothing in the record to suggest that the district court's decision was unreasonable or otherwise improper. Accordingly, the sentence imposed by the district court was substantively reasonable.

## III.

Farrell finally argues that the district court abused its discretion in not allowing the sentence imposed for Farrell's violation of 18 U.S.C. § 924(c) to run concurrently with the sentence imposed for Farrell's other crimes. This argument lacks merit; the district court had no discretion. Section 924(c)(1)(D)(ii) expressly prohibits any term of imprisonment imposed pursuant to § 924(c) from running concurrently with another term of imprisonment.

## IV.

For the foregoing reasons, we affirm.