**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0750n.06

**No. 09-2052**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Dec 07, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **JAMIAN PEARCE**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

**BEFORE: COLE and WHITE, Circuit Judges; and O'MEARA, Senior District Judge.**[*]

**PER CURIAM.** Defendant-Appellant Jamian Pearce pleaded guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1), a charge which carries a statutory minimum sentence of one hundred and twenty-one months' incarceration. Pearce nonetheless received a sentence twenty-four months *below* the statutory minimum because the government moved for a reduction for substantial assistance under U.S. Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") § 5K1.1 and 18 U.S.C. § 3553(e) and the district court exercised its discretion to impose a sentence below the statutory minimum on that basis.

On appeal, Pearce argues that the district court erred by failing to understand its authority

---

[*] The Honorable John Corbett O'Meara, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

under *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Spears v. United States*, ___ U.S. ___,

129 S. Ct. 840 (2009) to impose a still-lower sentence based on a policy disagreement with the crack

cocaine guidelines. But the record makes clear that the district court understood the scope of its

sentencing discretion perfectly well. In rejecting Pearce's *Kimbrough/Spears* argument at sentencing

the district court said:

> The Court hears [defendant's] argument on the crack-to-powder ratio . . . but the
> Court does not accept that and is not willing to vary downward based on any personal
> policy disagreement with the guidelines or the ratio on crack to powder in particular.
>
> . . . .
>
> I want to differentiate two arguments that are merged here. The first is that the law
> is changing. It may be. It could well be. And if it does, I will look to whatever the
> new law is and whatever retroactive application it has, just as we've done with the
> last round of retroactive applications. And I think that's the only way to treat that.
> It would be, I think, wrong for the Court to try to draw conclusions about where the
> law is going based on what's in the mix today.
>
> . . . .
>
> Now, that's a different issue than whether the Court should exercise the discretion
> it has under *Gall* and *Kimbrough* . . . . to make a personal-policy-based disagreement.
> I'm not willing to do that. I'm not willing to do that . . . because I don't feel like I
> have the personal basis, honestly, to do that, and also in this case in particular I think
> it would be inappropriate to do that where some of the earlier offenders in this mix
> . . . were sentenced before the administration changed and before the administration
> made its current statements about its policy goals and desires. It would introduce
> disparity within the very group of people that were dealing together . . . .
>
> In th[is] kind of case, it seems to me, the best course is to let the law take its normal
> course, and if it changes, it benefits all of these defendants, or it burdens them as the
> case may be as a class as Congress later defines it, but the Court is unwilling to make
> a personal-policy-based change on the record in front of me.

(Sentencing Hr'g Tr., Dist. Ct. Docket No. 55, at 21, 23-24.) The district court knew it had the

power categorically to reject the crack cocaine guidelines based on a policy disagreement with them. That the district court decided not to use that power is not grounds for remand on appeal. *See United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008) ("[W]e do not review a district court's decision not to depart downward unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure.").

This analysis disposes of the issues raised by the parties, but there is a more basic flaw in Pearce's challenge that merits discussion. *Kimbrough*, *Spears* and, indeed, *United States v. Booker*, 543 U.S. 220 (2005), are of no use to defendants subject to a statutory minimum sentence. *See United States v. Whitehead*, 415 F.3d 583, 590 (6th Cir. 2005) (*Booker* is inapplicable where a defendant is subject to a statutory minimum sentence); *see also United States v. Franklin*, 499 F.3d 578, 584 (6th Cir. 2007) (a district court is prohibited from reducing "a mandatory minimum sentence through § 3553(a)"); *United States v. Lockett*, 359 F. App'x 598, 611 (6th Cir. 2009) ("*Kimbrough* itself held that . . . [a district court] remains constrained by the mandatory minimums Congress prescribed." (citations and internal quotation marks omitted)). In varying downward from a statutory minimum a district court may consider very limited criteria. The departure "must be based solely upon the substantial assistance rendered by the defendant . . . only factors relating to a defendant's cooperation may influence the *extent* of a departure." *United States v. Bullard*, 390 F.3d 413, 416-17 (6th Cir. 2004) (internal quotation marks omitted); *see also United States v. Hameed*, 614 F.3d 259, 269 (noting that the crack cocaine guidelines were not relevant to the value of the defendant's cooperation.)

We **AFFIRM**.