NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0170n.06

**No. 09-1890**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | **FILED**<br>**Mar 23, 2011**<br>LEONARD GREEN, Clerk |
| v. | ON APPEAL FROM THE UNITED |
| | STATES DISTRICT COURT FOR THE |
| TERRELL WILKINS, | WESTERN DISTRICT OF MICHIGAN |
| Defendant-Appellant. | |
| _____ / | |

BEFORE:    MERRITT, CLAY, and GRIFFIN, Circuit Judges.

CLAY, Circuit Judge.  Defendant Terrell Wilkins appeals the sentence of 262 months of imprisonment imposed by the district court following his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and a quantity of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iii).  For the reasons set forth below, we **AFFIRM**.

**BACKGROUND**

On August 16, 2007, a state drug task force received an anonymous tip that individuals were using an apartment in Kalamazoo, Michigan as a drug house.  Police received additional information on December 12, 2007 from an informant indicating that four individuals in the apartment were selling drugs, armed with guns, and using communications equipment to avoid the police.  Between

December 12 and 19, 2007, the informant made numerous controlled buys at the apartment from two individuals, Anton Lloyd Mann and Anthony Eugene Webb.

Police executed a search warrant for the apartment on December 19, 2007 and seized, among other things, 21.01 grams of heroin, 24.43 grams of crack cocaine, 2.7 grams of marijuana, U.S. currency, digital scales, a loaded 9 millimeter handgun, and documents that identified Mann, Webb, as well as another individual, Jherri Jezmaine Anderson. At the time of the search, Webb and two 15-year old girls were present.

Between February and June of 2008, Anderson provided information to law enforcement about drug activity at the apartment. Police learned that Defendant, an acquaintance of Mann and Webb, resided at the apartment with these individuals and sold drugs. Anderson reported that Defendant had been known to bring individuals to Kalamazoo, Michigan to sell drugs. Webb's girlfriend, Autumn Bush, informed police that she overhead Defendant and Webb discuss using a 15-year old girl to transport drugs for their operation. Mann informed law enforcement that Defendant was primarily a marijuana and crack cocaine dealer. Mann also detailed Defendant's drug sales. Mann admitted that he owned the firearm seized from the apartment, but stated that he had purchased the firearm from Defendant.

On September 11, 2008, a federal grand jury returned a four count indictment against Defendant, charging him with: 1) conspiracy to distribute and possess with intent to distribute cocaine base and heroin of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(C), and 846 ("Count One"); 2) possession with intent to distribute cocaine base and heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), (b)(1)(C) and 18 U.S.C. § 2 ("Count Two"); 3) maintaining a drug establishment in

violation of 21 U.S.C. §§ 856(a)(1) and (b)-(d) ("Count Three"); and 4) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 921(a), (a)(2) and 922(g)(1) ("Count Four").

On February 19, 2009, Defendant pleaded guilty to Count One pursuant to a plea agreement, wherein the government agreed to dismiss the remaining counts at sentencing. The government also agreed not to seek a sentencing enhancement under 21 U.S.C. § 851 based on certain prior felony convictions.

Following Defendant's guilty plea to Count One, the U.S. Probation Department prepared a presentence report ("PSR"). The PSR calculated Defendant's Base Offense Level to be thirty-six based on a finding that Defendant was responsible for 44,325.07 kilograms of "marijuana equivalent." Defendant's Base Offense Level was then adjusted as follows: increased by two levels under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm; increased by three levels under U.S.S.G. § 3B1.1(b) for the exercise of supervisory authority; increased by two levels under U.S.S.G. § 3B1.14 for the use of a minor; decreased by two levels under U.S.S.G. § 3E1.1(a) for acceptance of responsibility; and decreased by one level under U.S.S.G. § 3E1.1(b) for assisting law enforcement by timely pleading guilty. Based on these adjustments, the PSR assigned Defendant a total adjusted offense level of forty. The PSR further determined that Defendant qualified as a "career offender" under U.S.S.G. § 4B1.1 and assigned him a Criminal History Category of VI.

Defendant objected to the following aspects of the PSR: 1) the enhancements for possession of a firearm, use of minor, and exercising supervisory authority; 2) the crack cocaine drug quantity determination; 3) the addition of criminal history points based on committing the offense while on probation; and 4) the application of the career offender enhancement based on two attempted

delivery convictions for which a state court sentenced him to probation. Defendant also filed a sentencing memorandum that reiterated these objections and sought a downward departure to appropriately reflect his criminal history. Defendant also asserted that the crack cocaine Guidelines "are too high."

Prior to sentencing, on June 23, 2009, the parties stipulated to the following: 1) Defendant would not object to a base offense level of 34, and the government would not seek a base offense level above thirty-four; 2) Defendant would not object to the two-level enhancement for possession of a firearm; 3) Defendant would not object to a two or three level enhancement, as the district court may determine, for leadership; and 4) the government would not seek an enhancement based on use of a minor. The parties agreed that Defendant's total adjusted offense level would be either thirty-five or thirty-six under the stipulation, depending on the district court's application of the enhancement for leadership.

At the sentencing hearing on June 23, 2009, the district court accepted the parties' stipulation and imposed a two-level enhancement for leadership. Based on a Total Adjusted Offense Level of 35, and a Criminal History Category of VI, the district court, without objection, determined the Guidelines range to be 292 to 365 months of imprisonment. But because the district court found that Defendant's status as a "career offender" over represented Defendant's actual criminal history, the district court departed downward to a Criminal History Category of V, which yielded a revised Guidelines range of 262 to 327 months of imprisonment. The district court sentenced Defendant to 262 months of imprisonment. Defendant appeals.

## DISCUSSION

Defendant challenges the reasonableness of his sentence to 262 months of incarceration. We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). This review has two components: procedural and substantive. *Id.*

We begin with Defendant's procedural reasonableness argument. Our review for procedural reasonableness "begins with a robust review of the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *United States v. Davis*, No. 09-5200, 09-5201, 2011 WL 96513, at *12 (6th Cir. Jan. 12, 2011) (quotation marks and citation omitted). As this Court has explained:

> [i]n reviewing sentences for procedural reasonableness [the Court] must ensure that the district court: (1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

*Bolds,* 511 F.3d at 581.

Before evaluating the procedural reasonableness of Defendant's sentence, the Court must "determine what standard of review applies" by "determin[ing] whether [defendant] preserved these claims for appeal." *Id.* Here, Defendant argues that the district court erred in failing to recognize the existence of its discretion to depart from the disparate treatment of powder and crack cocaine under the Guidelines. Although Defendant objected below to the denial of his request for a "variance as to crack," the specific objection that the district court failed to recognize its discretion

5

was not made at sentencing. Accordingly, this Court reviews only for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Even if the issue were preserved—and thus reviewed for reasonableness under an abuse of discretion standard—we would nonetheless find that Defendant's sentence was procedurally reasonable.

Turning to the merits of Defendant's argument, we find that the district court did not commit plain error. Nothing in the record suggests that the district court did not recognize its discretion to depart from the disparate treatment of powder and crack cocaine under the Guidelines. To the contrary, at numerous points during the sentencing hearing the district court acknowledged its authority to do so. For instance, in addressing Defendant's request that the district court "vary downward based on a policy disagreement with the disparity between powder cocaine and crack cocaine," the district court stated:

> I do recognize, as [defense counsel] indicates, that I have discretion under the Supreme Court cases in *Spears* and others to make even a policy-based disagreement, so I recognize that, but I'm not going to do that in this case, and I think this would actually be a singularly inappropriate case to do it for a number of reasons.

(Tr. at 44.; *see also id.* at 45 ("So I recognize the authority the Court has but wouldn't apply it in this case."); *id.* at 46 ("The Court recognizes I have the power in the Supreme Court's view to make those judgments, but I'm going to elect not to do that because I don't believe I have a proper or appropriate basis to do that in a meaningful way that honors the purposes of sentencing in this case.").) The district court articulated its reasoning for declining to depart downward, which included the need to treat Defendant similarly to his co-defendants.

Although the district court also stated that deference to the congressionally approved sentencing scheme was appropriate under the circumstances of this case (*id.* at 44-46), these

statements are unavailing to Defendant. After stating that sentencing policy is better left to the legislative process, the court explicitly recognized that "I have the power . . . to make those judgments." (Tr. at 46.) The court declined to exercise that power because "I don't believe that I have a proper or appropriate basis to do that in a meaningful way that honors the purposes of sentencing *in this case*." (*Id.* (emphasis added).) *See, e.g.*, *United States v. Pearce*, No. 09-2052, 2010 WL 5080410, at *2 (6th Cir. Dec. 7, 2010) ("That the district court decided not to use that power is not grounds for remand on appeal."). *Cf. United States v. Vandewege*, 561 F.3d 608, 610 (6th Cir. 2009) (finding that a district court "did not recognize" its authority to depart downward, where it stated categorically, "I do believe that policy judgments of whether crack and powder are equivalent or not is not for me to make.").

Accordingly, we find that the district court did not commit plain error, and that Defendant's sentence is not procedurally unreasonable.

We now consider Defendant's argument of substantive unreasonableness. This Court reviews a sentence for substantive reasonableness using the abuse of discretion standard. A sentence within the Guidelines range is presumptively reasonable. *See, e.g.*, *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). "A sentence may be considered substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Benson*, 591 F.3d 491, 500 (6th Cir. 2010) (quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)).

Here, Defendant argues that his sentence to 262 months of incarceration"resulted in a sentence that was far, far greater than necessary to achieve the statutory sentencing purposes." Defendant asserts that: 1) the district court should have varied from the crack cocaine Guideline because the Guideline is bad policy; and 2) the district court erred in finding that Defendant's conduct reflected a "significant drug conspiracy" because this finding was based on a drug quantity calculated under the Guidelines.

Having reviewed the record, we find that the district court did not abuse its discretion in imposing a sentence of 262 months of imprisonment. Although we recognize that Defendant's sentence is extremely harsh, his within Guidelines range sentence is afforded a presumption of reasonableness, and Defendant has not advanced any argument sufficient to rebut this presumption. As a result, we are without a legal basis to disturb the sentence imposed by the district court. *See, e.g.*, *Gall v. United States*, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

The district court recognized that Defendant's actual criminal history does not warrant application of the "career offender" Guideline, and accordingly reduced Defendant's Criminal History Category from level VI to level V. The district court also considered the nature of Defendant's criminal history—including attempted delivery and felon firearm possession—in sentencing him to the low-end of the Guidelines range. The district court imposed the sentence after consideration of the § 3553(a) factors. *See United States v. Dexta*, 470 F.3d 612, 616 (6th Cir. 2006). It considered, among other things, Defendant's criminal history and his arguments in

connection thereof; the underlying criminal conduct; and the sentences imposed on other defendants in the same case. Under these circumstances, we cannot say that the district court abused its discretion in imposing a sentence at the bottom of the Guidelines range. *See United States v. Farrell*, 233 F. App'x 514, 517 (6th Cir. 2007).

Accordingly, we find that Defendant's sentence is not substantively unreasonable.

**CONCLUSION**

For the reasons discussed above, Defendant's sentence is **AFFIRMED.**