NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0624n.06
Filed: August 23, 2006

No. 05-1231

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| OLIVER OBI, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MOORE and GIBBONS, Circuit Judges; ACKERMAN, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant Oliver Obi appeals his

guilty plea and sentence, arguing that ineffective assistance of counsel precluded his plea from being

knowing and voluntary and that the sentence imposed by the district court is unreasonable. As we

find that Obi has waived the right to bring these claims, we dismiss the appeal.

Obi, a registered pharmacist, was charged in an 18-count indictment stemming from a drug

ring that he ran out of his pharmacy. The facts show that between July 1999 and May 2003, Obi

used his status as a pharmacist to order large amounts of prescription drugs, which he then sold

---

[*] The Honorable Harold A. Ackerman, Senior United States District Judge for the District
of New Jersey, sitting by designation.

1

illegally to pill dealers, who distributed them on the street. All told, Obi illegally sold approximately 3.4 million dosage units of drugs during this time.

Obi was arrested and charged with conspiracy to distribute controlled substances, illegal distribution of controlled substances, conducting a criminal enterprise, and criminal forfeiture, in violation of 21 U.S.C. §§ 841(a)(1), 846, 848 and 853. After the preliminary hearing, Obi hired attorneys Austin Agomuch and Kayode Oladele to represent him. Through these attorneys, Obi negotiated a Rule 11 plea agreement with the government. As part of the agreement, Obi agreed to plead guilty to count one (conspiracy to distribute) and count thirteen (illegal distribution) of the indictment. All other counts were dismissed. The plea agreement contained the parties' stipulation as to the facts and an agreed-upon sentence of between 78 and 120 months.

The district court conducted a complete plea colloquy and accepted Obi's guilty plea. Three weeks later, Obi filed a *pro se* motion to disqualify counsel and withdraw the guilty plea, claiming that the plea was involuntary due to ineffective assistance of counsel. Obi fired Agomuch and Odalele, and the court appointed new counsel to handle the case. The government filed a response to the motion, warning Obi of the consequences of withdrawing his guilty plea. The government stated that the withdrawal would void the plea agreement and "expose [the defendant] to a possible mandatory minimum sentence of 20 years, if convicted . . . ." The government also stated that in the event of withdrawal, it "would be unlikely to engage in additional plea negotiations, but would simply proceed to trial."

At the sentencing hearing, the court asked Obi if he wished to withdraw his guilty plea. After affirming that he had spoken with his client about withdrawing the guilty plea, counsel stated,

"He [Obi] wants to withdraw his motion to withdraw his guilty plea." The court accepted the plea agreement and sentenced Obi to 84 months imprisonment. On appeal, Obi once again argues that his guilty plea was not knowing and voluntary due to the ineffective assistance of Agomuch and Oladele, his counsel at the time he entered into the plea agreement.

Obi's failure to pursue this claim in the district court precludes this court from addressing it on appeal. When a party intentionally relinquishes or abandons a known right in the district court, the claim is waived and cannot be asserted on appeal. *United States v. Olano*, 507 U.S. 725, 733 (1993); *see also United States v. Denkins*, 367 F.3d 537, 542-43 (6th Cir. 2004). Waiver is distinguished from forfeiture, which is the failure to make a timely assertion of a right and is reviewed for plain error. *Olano*, 507 U.S. at 733. In this case, Obi did not fail to assert his claim of ineffective assistance of counsel; rather, he asserted the claim by filing a motion to withdraw the plea but then intentionally relinquished the claim by withdrawing the motion. Thus, he has waived this argument, and this court cannot consider it. *See Denkins*, 367 F.3d at 543-44.

Obi next attempts to challenge the 84-month sentence imposed by the district court as unreasonable. Once again, Obi has waived the right to bring this appeal, this time through an express provision in the plea agreement. Paragraph 2 of that agreement provides that "the government and the defendant agree that a sentence of between 78 and 120 months of imprisonment is an appropriate disposition of the case," and Paragraph 5 states that "[i]f the court imposes a sentence equal to or less than the maximum sentence described in ¶ 2, defendant waives any right he may have to appeal his conviction or sentence . . . ." The sentence imposed by the district court – 84 months – is within the provided range and less than the 120-month maximum.

Obi argues, however, that the district court rejected the plea agreement, making the waiver unenforceable. Attached to the plea agreement was a sentencing worksheet representing the parties' calculation of the sentencing guidelines they believed would apply. The worksheet indicated a total offense level of 28 and a sentencing range of 78-97 months. Despite the parties' stipulation, Obi objected to one of the worksheet enhancements – a four-level increase for having a leadership role – at the sentencing hearing. The court upheld this objection and accordingly calculated a total offense level of 24, which lowered the recommended sentencing range to 51-63 months. Obi argues that by doing this, the court rejected the plea agreement, meaning he is not bound by its provisions, including the appeal waiver.

This argument does not accurately reflect the terms of the plea agreement. Under the agreement, Obi waived his appeal rights unless the court sentenced him to a term of imprisonment exceeding 120 months. The court accepted the plea agreement and sentenced Obi within the 78-120 month range. Obi's success with his objection to the offense level did not alter the binding effect of the plea agreement. As a result, Obi is bound by the agreement, including the provision that he "waives any right he may have to appeal his conviction or sentence."

The appeal is dismissed.