NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  15a0528n.06

No. 14-2170

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 24, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ALFRED DANELLE SMITH, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  BATCHELDER, GIBBONS, and WHITE, Circuit Judges.

PER CURIAM.  Pursuant to a written plea agreement, Alfred Danelle Smith pleaded guilty to a superseding felony information charging him with conspiracy to distribute and to possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) and 846.  After multiple adjournments of his sentencing, Smith filed pro se motions to disqualify his appointed counsel and to withdraw his guilty plea.  The district court substituted counsel on its own motion, dismissed as moot Smith's motion to disqualify counsel, and denied without prejudice his motion to withdraw his guilty plea.  At sentencing, the district court determined that Smith's status as a career offender resulted in a guidelines range of 262 to 327 months of imprisonment.  After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court varied downward from that range and sentenced Smith to 188 months of imprisonment consecutive to his undischarged state sentence, followed by eight years of supervised release.  In this appeal, Smith challenges (1) the denial of his motion to withdraw his guilty plea and (2) the substantive reasonableness of his sentence.

Smith first contends that the district court abused its discretion in denying his motion to withdraw his guilty plea without considering whether he had provided "a fair and just reason" for his request pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). The government responds that Smith waived this issue by ignoring the district court's invitation to file a renewed motion and proceeding to sentencing without objection. "When a party intentionally relinquishes or abandons a known right in the district court, the claim is waived and cannot be asserted on appeal." *United States v. Obi*, 193 F. App'x 453, 455 (6th Cir. 2006) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)).

As grounds for his motion to withdraw his guilty plea, Smith claimed ineffective assistance of counsel and that he was actually innocent. The district court appointed new counsel to represent Smith, denied without prejudice his motion to withdraw his guilty plea, and set a deadline for filing a renewed motion, stating, "This will allow Defendant to consult with new counsel on the risks and benefits of proceeding with such a motion." Smith did not file a renewed motion to withdraw his guilty plea and instead proceeded to sentencing with his new counsel several months later. In a supplemental sentencing memorandum filed by new counsel, Smith admitted conspiring to distribute and to possess with intent to distribute 28 grams or more of cocaine base, accepted responsibility for trafficking between 700 and 1000 kilograms of marijuana equivalent, and acknowledged the ten-year mandatory minimum sentence—effectively withdrawing his pro se motion to withdraw his guilty plea. Smith's failure to renew his motion and the factual concessions in his supplemental sentencing memorandum constituted an effective abandonment of his motion to withdraw his guilty plea. *See United States v. Denkins*, 367 F.3d 537, 543-44 (6th Cir. 2004). "Consequently, that challenge is forever foreclosed, and cannot be resurrected on this appeal." *United States v. Saucedo*, 226 F.3d 782, 787 (6th Cir. 2000) (citing *Olano*, 507 U.S. at 733).

Smith next asserts that his sentence was substantively unreasonable because the district court did not fully account for all of the § 3553(a) factors. The government responds that Smith waived the right to appeal his sentence, an issue that we review de novo. *See United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). In his plea agreement, Smith waived "the right to appeal any sentence that is at or below the maximum guideline range as determined by the Court before any upward departure or variance." During the plea colloquy, the district court ensured that Smith understood this waiver in accordance with Federal Rule of Criminal Procedure 11(b)(1)(N). The record reflects that Smith's waiver of the right to appeal his below-guidelines sentence is valid. *See id.* at 363.

In any event, Smith's sentence was substantively reasonable. We review the substantive reasonableness of Smith's sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In determining that a "significant variance" was appropriate, the district court expressly considered Smith's argument regarding his cooperation with the government. Smith's wish that the district court had placed even more weight on his cooperation and imposed the ten-year mandatory minimum sentence, "without more, is insufficient to justify our disturbing the reasoned judgment of the district court." *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007). Smith has failed to satisfy the heavy burden of demonstrating that his below-guidelines sentence is substantively unreasonable. *See United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013); *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

For the foregoing reasons, we AFFIRM the district court's judgment.