**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0682n.06

Case No. 19-2036

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Dec 04, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| AMARIS MAE WYMAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MOORE, COOK, and STRANCH, Circuit Judges.

COOK, Circuit Judge. Amaris Mae Wyman challenges the substantive reasonableness of her below-Guidelines sentence for sexually exploiting her minor daughter. We AFFIRM.

**I.**

Wyman met Matthew Toole online through a "bestiality group chat." The pair exchanged disturbingly graphic messages about Toole engaging in sexual acts with Wyman's 11-year-old daughter. Among other things, Wyman discussed drugging her daughter so that Toole could molest her and mentioned putting her daughter on birth control so that Toole could avoid impregnating her.

Moving beyond discussion, Wyman filmed three pornographic videos of her daughter and sent them to Toole. The first two videos depicted Wyman's daughter urinating in a bathtub; the

third showed Wyman's daughter showering. Eventually, police discovered these videos by searching Toole's phone and traced them back to Wyman.

A federal grand jury then indicted Wyman on two counts of distribution of child pornography and two counts of sexual exploitation of a minor. Wyman later pleaded guilty to a single count of sexual exploitation of a minor. On that count, she faced a Guidelines-recommended sentence of 30 years' imprisonment—the statutory maximum. *See* USSG § 5G1.1(c)(1); 18 U.S.C. § 2251(e).

At sentencing, Wyman's counsel asked the district court to vary downward from the Guidelines-recommended sentence to 15 years' imprisonment—the statutory minimum. Looking to the purposes of sentencing set forth in 18 U.S.C. § 3553(a), the court agreed that "some variance [was] appropriate" because "the statutory violation never reached the point of physical abuse," thus "mitigat[ing] to some extent the seriousness of the offense." It declined, however, to vary downward to the statutory minimum sought by Wyman's counsel. The court reasoned that "the text messages were startlingly graphic and really disturbing," that Wyman's difficult personal history did not "explain or excuse her behavior," and that other offenders (including Toole) faced more severe sentences. It also emphasized the need to deter and punish Wyman and to promote respect for the law. After weighing all these considerations, the district court imposed a below-Guidelines sentence of 25 years' imprisonment. Wyman appeals.

## II.

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). When the defendant appeals, substantive reasonableness focuses on whether the sentence "is too long." *United States v. Fleischer*, 971 F.3d 559, 567 (6th Cir. 2019) (citation omitted). To answer this question, "we consider 'the district court's rationale

for concluding that the sentence imposed is sufficient, but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).'" *Id.* at 572 (citation omitted). Thus, "[o]ne way to gauge the substantive reasonableness of a sentence is to ask whether 'the court placed too much weight on some of the § 3553(a) factors and too little on others' in reaching its sentencing decision." *United States v. Sherrill*, 972 F.3d 752, 771 (6th Cir. 2020) (citation omitted).

"[H]ow much weight a judge gives to any § 3553(a) factor is 'a matter of reasoned discretion' to which we owe 'highly deferential review.'" *United States v. Richardson*, 960 F.3d 761, 765 (6th Cir. 2020) (per curiam) (citation omitted). For that reason, this court presumes the reasonableness of a sentence within the Guidelines range. *United States v. Wandahsega*, 924 F.3d 868, 890 (6th Cir. 2019). "When a below-Guidelines sentence is imposed, the defendant's burden, while not impossible to meet, is 'even more demanding.'" *United States v. Karas*, 793 F. App'x 380, 387 (6th Cir. 2019) (quoting *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008)).

**III.**

Wyman attempts to meet her heavy burden by challenging the district court's balancing of three § 3553(a) factors: the nature and circumstances of the offense, the history and characteristics of the defendant, and the Sentencing Guidelines range. We address each in turn.

Wyman first argues that the nature and circumstances of her offense require a more significant downward variance. In support of this argument, however, Wyman offers nothing more than the same mitigating circumstances recited by the district court: the lack of "actual physical contact with th[e] little girl," the fact that "[n]either Ms. Wyman nor her daughter ever met Mr. Toole," her daughter's lack of awareness of the videos being taken, and the fact that the videos did not rise to the level of "depravity that we often see in cases like this." (Appellant Br. at 14 (quoting

R. 52 at 280).) Wyman's "wish that the district court had placed even more weight" on these mitigating circumstances and imposed the 15-year statutory minimum "is insufficient to justify our disturbing the reasoned judgment of the district court." *United States v. Smith*, 608 F. App'x 395, 397 (6th Cir. 2015) (mem.) (quoting *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007) (quotations omitted)).

Wyman also asserts that the district court erred in considering the text messages she sent to Toole because they "were not elements of the offense of conviction." (Appellant Br. at 18; *see* Reply Br. at 5.) That contention, which arguably raises a procedural reasonableness challenge rather than a substantive reasonableness one, lacks merit because § 3553(a)(1) directs sentencing courts to consider "the nature and circumstances of the offense," not merely its elements. *See also* S. Rep. No. 98-225, at 75 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3258 ("[T]he judge must consider . . . whether there were any particular aggravating or mitigating circumstances surrounding the offense."). The text messages represented "speech and . . . conduct" by Wyman that "directly related to the § 3553(a) analysis," and the court's consideration of them was proper. *United States v. Rayyan*, 885 F.3d 436, 441 (6th Cir. 2018).

As for Wyman's argument that the court placed too much weight on the text messages, we find ample justification for the district court's focus—treating them "as a serious, but not [the] sole, consideration" for its sentence. *United States v. Darden*, 508 F. App'x 387, 392 (6th Cir. 2012). Wyman's communications with Toole formed the basis for her criminal conduct; the district court could not have considered the nature and circumstances of the offense without recognizing that "the text messages were startlingly graphic and really disturbing." Balancing those messages against the lack of physical contact with the victim, the district court reasonably

concluded that the nature and circumstances of Wyman's offense supported a modest downward variance.

Wyman's claims about her history and characteristics likewise fail to satisfy her heavy burden. She again relies upon factors that the district court considered, including her lack of criminal history, the "abuse and neglect" that she faced, and her mental health issues and drug abuse. As the district court reasoned, however, Wyman's history failed to "explain or excuse her behavior" because "[a] child has the right to the assurance that the most important person in her life, her mother, will protect her."

The district court thus reasonably weighed the mitigating value of Wyman's history and characteristics against the § 3553(a) factors supporting a longer sentence—including the nature of the text messages and videos, the "significant[]" demand for deterrence, the need to protect others from further crimes, the "obvious[]" need to punish Wyman and promote respect for the law, and the lengthier sentence received by Toole. It acted "squarely within its discretion" in concluding that "the present effects of [Wyman's] past had to give way" to these other sentencing considerations. *United States v. Trotter*, 418 F. App'x 482, 484 (6th Cir. 2011). As the government points out, "[t]he record shows that the court was cognizant of the mitigating factors Wyman offered on her behalf, but did not find them convincing." (Appellee Br. at 15.) We find no abuse of discretion in that determination.

Finally, Wyman claims that the district court gave "too much weight" to the Guidelines, which "fail[] to distinguish between the most and least culpable offenders convicted under the statute." (Appellant Br. at 19.) To begin, it would be odd to conclude that the district court gave excessive weight to the Guidelines in a case involving a downward variance. And, in fact, the district court's focus on the Guidelines range paled in comparison to its lengthy discussion of the

other § 3553(a) factors. *See, e.g.*, *United States v. Ruiz*, 777 F.3d 315, 324 (6th Cir. 2015) (rejecting argument that "the district court gave the guidelines unreasonable weight" when "the district court considered the guidelines range in conjunction with the other § 3553(a) sentencing factors"). To the extent Wyman maintains that the district court should have cast aside the Commission's sentencing recommendation on policy grounds, "nothing *requires* a district court to disregard the sentencing guidelines." *United States v. Pfister*, 806 F. App'x 467, 468 (6th Cir. 2020) (mem.); *see also, e.g.*, *United States v. Brooks*, 628 F.3d 791, 797 (6th Cir. 2011). The district court did not accord unreasonable weight to the Guidelines.

## IV.

In selecting Wyman's below-Guidelines sentence, the district court carefully considered the § 3553(a) factors and reasonably balanced all mitigating and aggravating evidence. "Under such circumstances, it is not the province of the appellate court to substitute its judgment for that of the sentencing court." *United States v. Farrell*, 233 F. App'x 514, 517 (6th Cir. 2007). We AFFIRM.